FILED
2010 Jul-15 AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | |
|---|---|
| **JOHNNY HAMMACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 6:10-CV-52-VEH** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant." (Doc. 10). The Commissioner contends that reversal and remand is appropriate so that an Administrative Law Judge ("ALJ") can "obtain the prior file and reevaluate all new evidence, including Plaintiff's childhood IQ scores and school records, and a December 2005 report of a consultative evaluation on which the State Agency psychological consultant relied." (Doc. 10, p. 4). Also, the Commissioner states that "the ALJ will proffer a hypothetical question to the vocational expert that includes all of Plaintiff's limitations which the ALJ concludes he possesses." (*Id.*). On June 28, 2010, Plaintiff was ordered to show cause, within fourteen days, why the Commissioner's motion should not be granted. That time has

passed. Plaintiff did not file a response to the show cause order.

Plaintiff's failure to respond is deemed to be an assent to the remand of this action to the Commissioner. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. Unit B Aug. 5, 1982)[1] (generally noting that "[f]ailure to brief and argue an issue is grounds for finding that the issue has been abandoned"). Clearly, "the onus is upon the parties to formulate arguments" and Plaintiff did not do so. *Resolution Trust,* 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)). The Commissioner's motion is **GRANTED**. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the

---

[1] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of the Unit B panel of the former Fifth Circuit handed down after September 30, 1981.

Commissioner for further proceedings.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration.  ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***

**DONE** and **ORDERED** this the 15th day of July, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge